```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF EMPIRES STATE CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT
COOPERATION, PENSION and WELFARE FUNDS,
                                                                        ORDER
                                    Plaintiffs,                         12-CV-5651 (ADS) (SIL)

            -against-

LAZZARO ASSOCIATES, INC.,

                                    Defendant.
----------------------------------------------------------------------X
```

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
40 Broad Street, 7th Floor
New York, NY 10004
    By:   Charles R. Virginia, Esq.
            Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE:**

Lazzaro Associates, Inc.

**SPATT, District Judge.**

On November 16, 2012, the Plaintiffs Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("the Plaintiffs") commenced this action against the Defendant Lazzaro Associates, Inc. ("the Defendant"). Pursuant to § 502(a)(3) of the Employee Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1948 ("LMRA"), as amended, 29 U.S.C. § 185; and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, the Plaintiffs seek to confirm and enforce an Arbitrator's Award rendered pursuant to

a collective bargaining agreement ("CBA") between the Northeast Regional Council of Carpenters ("Union") and the Defendant.

On November 21, 2012, the Defendant was served with the Plaintiffs' Complaint. The Defendant did not answer. On December 20, 2012, the Plaintiffs requested a certificate of default as against the Defendant and, on that same date, the Clerk of the Court noted the default of the Defendant. Thereafter, on September 5, 2013, the Plaintiffs moved for a default judgment against the Defendant. On February 14, 2014, this Court referred the matter to United States Magistrate Judge William D. Wall for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On July 15, 2014, Judge Wall issued a Report and Recommendation (the "Report") recommending that (1) the Plaintiffs' motion for a default judgment be treated as an unopposed summary judgment motion and granted; (2) the underlying Arbitrator's Award be confirmed in part; and (3) that the Plaintiffs be awarded $149,438.08 in delinquent contributions for the period of June 17, 2012 through August 26, 2012, with accrued interest in that amount totaling $2,923.29, continuing interest at the rate of .75% per month, liquidated damages in the amount of $29,887.62, attorney's fees in the amount of $1,185, costs in the amount of $925, including an arbitration fee of $500, and enforcement of the audit order in the Arbitrator's Award. Judge Wall did not recommend the award of $2,000 as set forth in the Arbitrator's Award or the $250 requested in the Complaint, because the record did not provide adequate support for those amounts. (Report at 1.) Also on July 15, 2015, the Plaintiffs served the Report on the Defendant. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, it is hereby

**ORDERED**, that Judge Wall's Report and Recommendation is adopted in its entirety. The Court (1) grants the Plaintiffs' motion for a default judgment, which it treats as an unopposed summary judgment motion; (2) confirms the underlying Arbitrator's Award to the extent set forth in the Report; (3) awards the Plaintiffs $149,438.08 in delinquent contributions for the period of June 17, 2012 through August 26, 2012, with accrued interest in that amount totaling $2,923.29, continuing interest at the rate of .75% per month, liquidated damages in the amount of $29,887.62, attorney's fees in the amount of $1,185, costs in the amount of $925, including an arbitration fee of $500, and enforcement of the audit order in the Arbitrator's Award; and (4) denies the award of $2,000 as set forth in the Arbitrator's Award and the $250 requested in the Complaint, because the record did not provide adequate support for those amounts; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 20, 2014

                                                                 */s/ Arthur D. Spatt*
                                                                  ARTHUR D. SPATT
                                                             United States District Judge